IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rown Washington, | ) |
| | ) Cr. No. 5:11-636 |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| United States of America, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Movant Rown Washington is an inmate in custody of the Federal Bureau of Prisons. Movant currently is housed at FCI-Coleman in Coleman, Florida. On May 22, 2017, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.

I. FACTS AND PROCEDURAL HISTORY

Movant was indicted on May 20, 2011, and charged with conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count 1); and possession with intent to distribute and distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (Counts 2, 3). On June 2, 2011, Respondent United States of America filed an Information pursuant to 21 U.S.C. § 851 in which it notified Movant he was subject to increased penalties for prior convictions for (1) cocaine possession with intent in Florida on 4-25-1994; (2) cocaine possession with intent in Florida on 12-5-1995; (3) marijuana/cannabis possession with intent in Florida on 3-20-2000; (4) cocaine possession with intent in Florida on 3-20-2000; (5) cannabis possession with intent on 3-17-04; (6) possession of less than one gram ice/crack cocaine on 9-18-2002. On August 31, 2011, Movant pleaded guilty to Count 2.

The United States Probation Officer (USPO) prepared a presentence investigation report (PSR) that held Movant accountable for 377.75 grams of cocaine base and 6,730.7 grams of cocaine powder, which yielded a marijuana equivalent of 2,695.04 kilograms. The USPO noted that convictions for possession of cocaine with intent to sell or purchase, possession of cocaine with intent to sell or deliver, and possession of crack cocaine, second offense (ECF No. 48, ¶¶ 35, 36, 41) are predicate offenses pursuant to 21 U.S.C. § 851. The USPO also noted that convictions for unlawful sale or delivery of cannabis and possession with intent to sell or deliver cocaine (Id. at ¶¶ 37, 38) are predicate offenses for purposes of career offender status. Finally, the USPO noted that convictions for possession with intent to sell or deliver cannabis and possession with intent to sell or deliver cocaine are predicate offenses for both § 851 and career offender status (Id. at ¶ 40). Movant's criminal history score was 10, which established a criminal history category of V. However, because Movant was denominated a career offender pursuant to paragraphs 36, 37, and 39 of the PSR, his criminal history category became VI. See United States Sentencing Guidelines (U.S.S.G.) § 4B1.1.

Movant's base offense level was 32. Under U.S.S.G. 4B1.1(b)(B), his level was increased to 34 because of his career offender status. He received a three level reduction for acceptance of responsibility, for a total offense level of 31. Movant's resulting Sentencing Guidelines range was 188 to 235 months incarceration. On December 13, 2011, Movant was sentenced to the custody of the Bureau of Prisons for 188 months.

Movant raises the following grounds for relief in his § 2255 motion:

GROUND ONE: Whether Mathis v. U.S., 136 S. Ct. 2243 (2016), applies to [Movant's] career offender status.

2

GROUND TWO: According to 28 U.S.C. § 2255(f)(3), [Movant] is within the one year time limit.

GROUND THREE: [Movant] is serving an unconstitutional sentence.

ECF No. 71, 4-8.

According to Movant, his convictions for sale, delivery, and possession are not controlled substance offenses within the meaning of U.S.S.G. § 4B1.1 and 4B1.2. Specifically, Movant argues that, under Mathis, the court was required to utilize the categorical approach, and that Fla. Stat. § 893.13, under which he was convicted, criminalizes conduct that is not included within the Sentencing Guidelines definition of a controlled substance. On June 20, 2017, Respondent filed a motion for summary judgment. Also on June 20, 2017, the court issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Movant of the summary judgment procedures and the possible consequences if he failed to respond adequately. Movant filed a response in opposition on July 17, 2017.

## II. DISCUSSION

In Mathis, the Supreme Court observed that the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), imposes a 15-year mandatory minimum sentence on defendants who have three prior convictions for a violent felony, including burglary, arson, or extortion. The Court noted that district courts are required to compare the elements of the crime of conviction with the elements of the generic version of the listed offense, and if the elements are the same as, or narrower than, those of the generic offense, the prior crime qualifies as an ACCA predicate. 135 S. Ct. at 2247. This is known as the categorical approach. Id. at 2248. The question in Mathis was whether the ACCA makes an exception when a defendant is convicted under a statute that lists multiple, alternative

means of satisfying one or more of its elements. The Court determined that application of the ACCA involves only comparing elements, and not considering whether the defendant's particular conduct falls within the generic definition, regardless of whether the statute lists possible alternative means of commission of the offense. Id. at 2257.

The first question is whether the Mathis Court recognized a new principle of law retroactively applicable on collateral review. If not, Movant's § 2255 motion is untimely under § 2255(f), which provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, Movant did not appeal his judgment of conviction. Therefore, his judgment became final on December 29, 2011, fourteen days after entry of judgment. Fed. R. App. P. 4(b)(A)(i); see Clay v. United States, 537 U.S. 522, 532 (2003). Movant had until Monday, December 31, 2012, to timely file a § 2255 motion. Movant did not file the within § 2255 until May 22, 2017, nearly four and one half years later. The question becomes, then, whether Mathis created a newly recognized right made retroactively applicable to cases on collateral review.

4

"[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. 288, 301 (1989). The Court explicitly held that Mathis does not announce a new rule of law:

> Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition. And that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were—just the facts, which ACCA (so we have held, over and over) does not care about.

136 S. Ct. at 2257.

The court concludes that the Mathis decision reflects statutory interpretation that reiterated an existing legal principle. See Dawkins v. United States, 829 F.3d 549, 550–51 (7th Cir. 2016); United States v. Taylor, 672 F. App'x 860, 862 (10th Cir. 2016). Movant's § 2255 motion is barred by the applicable limitations period.

The court further concludes that the holding in Mathis does not apply because Movant received an enhanced sentence based on his prior controlled substance convictions, and not because of any conviction considered to be a violent felony under the ACCA. Accord, United States v. Brunson, Crim. No. 3:12CR113, 2017 WL 1250996 (E.D. Va. April 3, 2017).

Regarding the merits, Movant asserts that Fla. Stat. § 893.135 prohibits the act of "purchase," which is not included in the definition of a "controlled substance offense." Movant was not convicted under § 893.135, however, which prohibits trafficking controlled substances. Movant was convicted under section 893.13(1)(a), which provides that "a person may not sell, manufacturer, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." See ECF No.

5

48 at 13 n.4; 14 n.5; 15 nn. 6, 7.

>Under § 4B1.2(b),
>
>>the term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.
>
>The Court of Appeals for the Eleventh Circuit already has determined that section 893.13(a) comprises a "controlled substance offense" for purposes of U.S.S.G. § 4B1.2(b). See United States v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014). Further, the punishments to which Movant was subjected were (1) not exceeding five years for sale or delivery of cannabis (ECF No. 48, ¶¶ 37, 40); (2) not exceeding fifteen years for possession with intent to sell or deliver cocaine (Id. ¶¶ 38, 40). Therefore, even if Movant could challenge his predicate offenses on collateral review at this stage of the proceedings, his claim would fail.

### III. CONCLUSION

For the reasons stated, Respondent's motion for summary judgment (ECF No. 76) **is granted**. Movant's motion to vacate, set aside, or correct sentence (ECF No. 71) is **denied and dismissed**, with prejudice.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84

(4th Cir. 2001). The court concludes that Movant has not made the requisite showing for the reasons set forth hereinabove. Accordingly, the court **denies** a certificate of appealability.

    **IT IS SO ORDERED**.

                                                   /s/ Margaret B. Seymour
                                                   Senior United States District Judge

Columbia, South Carolina

August 18, 2017